UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISA RICHMOND,

    Plaintiff,

                        Case No. 14-14892

v.

                        Hon. John Corbett O'Meara

RUBAB HUQ, M.D., *et al.*,

    Defendant.

_____/

**ORDER GRANTING PLAINTIFF'S
MOTION TO DENY COSTS**

Before the court is Plaintiff's motion to review/deny costs.  The court entered judgment in favor of Defendants on October 5, 2016.  Defendants submitted a bill of costs to the Clerk of the Court, who taxed costs in the amount of $4,263.91.  Plaintiff requests that the court exercise its discretion in favor of denying the award of costs.

Pursuant to Federal Rule of Civil Procedure 54(d), there is a presumption that the prevailing party is entitled to costs.  See Singleton v. Smith, 241 F.3d 534, 539 (6th Cir. 2001).  It is within the court's discretion to deny costs under appropriate circumstances.  Id.; Banks v. Bosch Rexroth Corp., 611 Fed. Appx. 858, 860 (6th Cir. 2015).  The court may consider factors such as "the losing party's

good faith, the difficulty of the case, the winning party's behavior, and the necessity of the costs." Singleton, 241 F.3d at 539. In addition, a "losing party's indigence weighs against taxing her with the winning party's costs." Banks, 611 Fed. Appx. at 860 (citing Singleton, 241 F.3d at 539).

Plaintiff argues that the court should not tax costs against her because she is indigent. In an affidavit, Plaintiff states that she has been unemployed since 2009 and has no income or bank account. She suffers from physical and mental disabilities, including major manic depressive/bipolar disorder, post-traumatic stress disorder, and schizophrenia. She currently lives in a transition home for victims of domestic abuse. She states that due to her disabilities, she has been unable to find employment.

Based upon Plaintiff's uncontested affidavit, the court finds that she is indigent and that it would be inequitable to tax costs against her in this case. See Crow v. Best Buy Co., 299 F. Supp.2d 802 (N.D. Ohio 2004) (declining to award costs based upon the plaintiff's indigence and that the taxation of costs against "losing civil rights plaintiffs of modest means may chill civil rights litigation").

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to review/deny costs is GRANTED.

IT IS FURTHER ORDERED that the Taxed Bill of Cost dated October 7,

2016, is VACATED.

s/John Corbett O'Meara<br>United States District Judge

Date:  March 9, 2017

    I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, March 9, 2017, using the ECF system.

s/William Barkholz<br>Case Manager